```
 1  JOSH COLE AICKLEN
    Nevada Bar No. 007254
 2    E-Mail: Josh.Aicklen@lewisbrisbois.com
    DAVID B. AVAKIAN
 3  Nevada Bar No. 009502
      E-Mail: David.Avakian@lewisbrisbois.com
 4  LEWIS BRISBOIS BISGAARD & SMITH LLP
    6385 S. Rainbow Boulevard, Suite 600
 5  Las Vegas, Nevada 89118
    702.893.3383
 6  FAX: 702.893.3789
    Attorneys for Defendant BRAVO BRIO
 7  RESTAURANT GROUP, INC.
```

UNTIED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| DAG PALOVIC, | CASE NO. 2:13-cv-1476 |
| Plaintiff, | |
| vs. | |
| BRAVO BRIO RESTAURANT GROUP, INC., and DOES 1 through 10 and ROES 1 through 10, inclusive, | |
| Defendants. | |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Certain parties believe that discovery will encompass documents and information that would not ordinarily be disclosed to the public and that disclosure or misuse of such materials would cause competitive harm, raise privacy concerns and violate confidentiality provisions set forth in various, current contracts binding on the parties. Accordingly, the parties have agreed to the entry of this Confidentiality Stipulation and Protective Order ("Agreed Order") to expedite the flow of discovery materials, preserve the integrity of information that one or more parties believe is confidential, promote the prompt resolution of discovery disputes over confidentiality, facilitate the preservation of materials that may contain confidential information and trade secrets, and prevent breach



LEWIS
BRISBOIS

4848-0829-4425.1

of the confidential provisions set forth in contracts. For purposes of this Agreed Order, "Confidential Information" shall mean documents or other materials that one or more parties believe to include proprietary information relating to their business, disclosure of which might be harmful. Documents or information designated by one or more parties as "Confidential Information" pursuant to this Agreed Order governing discovery shall be without prejudice to any party's claim, defense or contention, whether relating to discovery issues in this lawsuit or to substantive issues in this or any other lawsuit, provided that such documents or information do not in fact constitute trade secrets or confidential information.

Notwithstanding the foregoing, the term "Confidential Information" does not include information which (a) is in or becomes a part of the public domain without violation of this Agreed Order by any party to this litigation or their counsel; (b) is customarily provided by any party to this litigation to third parties without restriction on disclosure; (c) was known to a party to this litigation on a non-confidential basis prior to its disclosure to such party or their counsel in this litigation; or (d) is not otherwise subject to a restriction on disclosure and is rightfully obtained by any party or their counsel from a source other than a party in this litigation.

Accordingly, in the interests of justice and to expedite discovery, the parties hereby STIPULATE AND AGREE that:

1. <u>Confidential Information</u>: To protect trade secrets or other confidential research, development or commercial information, any party or third party may designate documents, information or testimony as Confidential Information under this Order as follows:

A. The designation shall be made by clearly stamping or marking any document, including any interrogatory answer or transcript, with the word "CONFIDENTIAL."

B. Transcripts (or portions thereof) may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (described in paragraphs 3 and 4 below) by instructing the

reporter to stamp or mark the transcript (or portions thereof) within ten (10) days after it is received, and shall be treated as Attorneys' Eyes Only Information until the ten (10) day designation period has passed.

   C.   In the case of electronically-stored information, a party producing Confidential Information in an electronically-stored format, shall stamp the physical medium by which the information is transmitted (e.g. computer tape, computer disk, CD Rom, etc.) as "CONFIDENTIAL." If the party to whom such electronically-stored information is produced shall create any readable report or output from such confidential data, that party shall prominently label each page of such output report as "CONFIDENTIAL."

   D.   A party, provider of documents or non-party witness may denominate any response to any written discovery request brief, motion or other material filed with the court, and any appendix, exhibit or document pertaining to such material as Confidential Information by stamping the cover or first page, "CONFIDENTIAL."

   E.   Documents produced, or to be produced by a third-party, including but not limited to personal financial bank records, tax records or other private documents or information, may be designated as confidential prior to their release through subpoena via a written notice to all parties.

2.   <u>Limited Disclosure and Use of Confidential Information</u>: A person who receives Confidential Information has a duty to preserve confidentiality, shall not make any further disclosure of it except as authorized below or by further order, and shall use it only for purposes of this case or any arbitration or mediation related to this case. A receiving person may make disclosure to the following persons:

   A.   Attorneys of record for the parties of this litigation;

   B.   Designated business persons from each of the corporate parties ("Corporate Designees"), but only to the extent necessary for the conduct of this action; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met;

1. C. Deposition reporters;
2. D. Independent experts, investigators, and other consultants retained by counsel; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met; provided further, however, that the retained person is not employed during the pendency of the litigation, and has not been employed during the past two (2) years, by a person or entity that competes with the producing party;
3. E. Associates, secretaries, paralegals, clerical, and other employees of the individuals identified in subparagraphs (a), (b), (d), and (e) above, to the extent reasonably necessary to render professional services in the litigation;
4. F. A deponent during the course of his or her deposition;
5. G. Any person who is referenced in Confidential Information; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met;
6. H. Witnesses or prospective witnesses in the course of investigation or in preparation for deposition, or at deposition; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met; and
7. I. The Court, any arbitrator, mediator, or adjudicator and their personnel.

3. <u>Attorneys' Eyes Only Information</u>. A producing party may designate Confidential Information as "Attorneys' Eyes Only" if the party makes a good faith determination that the information threatens significant competitive harm if revealed to an opposing party or other competitor. The designation shall be made in a manner similar to that provided in paragraph 1, using the words "ATTORNEYS' EYES ONLY."

4. Further Limitations on Disclosure and Use of Attorneys' Eyes Only Information.

(a) Attorneys' Eyes Only Information shall be treated in all respects as "Confidential Information" under this Protective Order. In addition to the protections already contained herein, Attorneys' Eyes Only Information shall be subject to the

following additional restrictions:

  (i) Attorneys' Eyes Only Information shall <u>only</u> be disclosed to those persons listed in paragraph 2(a), (d), (f), and (i) hereof;

  (ii) Authorized counsel may not communicate or transmit any Attorneys' Eyes Only Information, or the contents of those materials, to any employee, director, agent and/or representative of the parties in this action, including in-house counsel of any corporate party; and

  (iii) If Attorneys' Eyes Only Information is used during a deposition, the party introducing the Attorneys' Eyes Only Information topic shall announce that such a topic or document will be the subject of questions.  All persons not allowed to view or receive such information shall leave the deposition at that time. The transcript of any questioning regarding Attorneys' Eyes Only Information topics shall be kept separately from the main transcript of the deposition and shall be stamped or marked "ATTORNEYS' EYES ONLY INFORMATION."

 (b) Any breach of this provision shall entitle the party whose Attorneys' Eyes Only Information was disclosed to seek immediate equitable relief in this Court, in addition to such other sanctions and remedies as may be appropriate.

 (c) The protection afforded by this paragraph to Attorneys' Eyes Only Information shall be preserved at all pre-trial hearings of this matter, and until further modified by the Court.

5. <u>Submission to Court.</u>  No Confidential Information, whether embodied in physical objects, documents, electronically-stored data, tangible items, or the transcription of

statements of persons, shall be filed with the Court, unless the producing party consents in writing to such filing, or unless filed in a sealed envelope on which shall be endorsed the caption of the action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains documents or information in this case that is subject to a Confidentiality Order entered by the Court. This envelope shall not be opened nor the contents thereof displayed or revealed except by Order of Court. Violation thereof may be regarded as contempt of Court.

A party discharges its obligations under this paragraph by filing a pleading, motion, brief, or other papers in two parts and placing the part which contains Confidential Information under seal. Any courtesy copy delivered to the Court shall be marked: "Courtesy Copy – Original Under Seal." Similar procedures shall be followed with regard to Attorneys Eyes Only Information.

6. Prior to the disclosure of any Confidential Information to any person described in paragraph 2 (b), (c), (e), (h), or (i), or any Attorneys' Eyes Only Information to any person described in paragraph 2 (e) above, counsel for the party disclosing such Confidential and/or Attorneys' Eyes Only Information shall provide such person with a copy of this Order, shall advise them that the disclosure of Confidential and/or Attorneys' Eyes Only Information is subject to its terms, and shall obtain and retain a signed Declaration of Compliance, in the form annexed hereto as Exhibit" A," from each such person. Counsel for each party shall retain the original of any Declaration of Compliance received from persons to whom Confidential and/or Attorneys' Eyes Only Information is provided, in accordance with this Order.

7. If any party believes that a designation as Confidential and/or Attorneys' Eyes Only Information as to any document, material or information by any other party or by any witness is unwarranted, it may so inform the designating party or witness in writing. Upon receipt by the designating party of such written objection, the parties shall negotiate in good faith to resolve their differences. If, within ten (10) days after such written objection

to a designation the parties have failed to reach agreement, the party objecting to the designation may apply to the Court for a ruling that the designation as to any document, material or information shall not be treated as designated, giving notice to the party or non-party producing the documents. No disclosure of any documents, material or information designated as Confidential and/or Attorneys' Eyes Only Information shall be made, except in accordance herewith, by the recipient prior to decision by the Court on any such motion. In any proceeding challenging the propriety of the designation of any document, information or materials as Confidential and/or Attorneys' Eyes Only Information, the party, provider of documents or witness who has designated the document, material or information as Confidential and/or Attorneys' Eyes Only Information shall bear the burden of establishing the propriety of that designation. Until the Court enters an Order changing the designation for any document, material or information, it shall be given "Confidential" or "Attorneys' Eyes Only" (however designated) treatment in accordance with this Order.

8.  Unless otherwise ordered or agreed, neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Confidential and/or Attorneys' Eyes Only Information shall relieve such person from the terms of this Order.

9.  This Order shall not be deemed a waiver of:

   (a)  Any party's right to object to any discovery requests on any ground or to seek a protective order with respect to any such discovery request;

   (b)  Any party's right to seek an order compelling discovery with respect to any discovery request;

   (c)  Any party's right to object to the admission of any evidence on any ground;

   (d)  Any party's right to seek a modification of this Order upon reasonable notice to all other parties; or

   (e)  Any party's right to challenge the propriety of the designation of any material as Confidential and/or Attorneys' Eyes Only Information at any time. Failure of

any party to promptly challenge the propriety of such a designation shall not preclude that party's subsequent objection to such designation, a motion by that party to seek a determination as to the propriety of such designation or a motion by that party to otherwise modify the provisions of this Order. The designation by a party that material is Confidential and/or Attorneys' Eyes Only shall not constitute an admission by any other party that the material is confidential.

10. All Confidential and/or Attorneys' Eyes Only Information shall be returned as follows:

    (a) Within thirty (30) days after the final determination of this Action, or sooner if agreed to in writing by the parties, all Confidential and Attorneys' Eyes Only Information, including originals, and subject to subparagraph (c) hereof, copies, abstracts or summaries thereof, shall be returned to the attorney for the party producing and providing the material or destroyed by the party receiving such material, and no copies thereof shall be retained by any other person; provided, however, that counsel of record for the parties may keep, in strictest confidence, one copy of any part of the Confidential and Attorneys' Eyes Only Information produced by others that has become part of the official record of this litigation. Such copy shall remain subject to the terms of this Order;

    (b) If Confidential and/or Attorneys' Eyes Only Information is furnished to a testifying or consulting expert, investigator, other consultant, or witness, the attorney for the party using such expert, investigator, other consultant, or witness shall have the responsibility of ensuring that all such material, including copies, abstracts and summaries thereof, is returned to the party producing the same or destroyed; and

    (c) Counsel of record for each party may retain abstracts or summaries of materials, which contain counsel's mental impressions or opinions. Such abstracts or summaries, which contain or refer to Confidential and/or Attorneys' Eyes Only Information shall, however, remain subject to the terms of this Order.

11. Any party in receipt of a subpoena, official agency request for information or other legal process seeking documents or other information designated Confidential and/or

Attorneys' Eyes Only by another party or entity hereunder, shall first notify the other party or entity which designated the information, in writing, of its intention to comply with that subpoena, agency request or legal process and shall give the designating party or entity sufficient notice to enable that party or entity to seek a protective order or otherwise take action to prevent disclosure. A party intending disclosure pursuant to a subpoena, agency request for information or other legal process shall not disclose the information sought until the objecting party, or entity has unsuccessfully exhausted all available legal or administrative procedures for resisting such disclosure, unless ordered by a court to do so; provided, however, that if the objecting party or entity does not act to protect its interests in accordance with applicable procedural rules, including rules governing the time within action must be taken, the other party shall be entitled to disclose.

12. The parties will cooperate to establish a procedure for the use of information that has been designated Confidential or Attorneys' Eyes Only at trial or during any court hearing. At a minimum, that procedure should mandate that the courtroom is sealed, or that all information which has been designated Confidential or Attorneys' Eyes Only is submitted under seal, and that only the persons set forth in paragraph 2 or paragraph 4 (a)(i) can be present in the courtroom when any information that has been designated Confidential or Attorneys' Eyes Only, is referenced.

13. If any adverse party misuses or improperly discloses Confidential and/or Attorneys' Eyes Only Information in violation of this Order, any other entity involved may petition the Court for relief from the terms of this Order and may also seek appropriate sanctions. Any party who claims that a violation of this Order has occurred shall have the burden of proof on that issue.

14. Each party will endeavor to make reasonable efforts to ensure that materials and documents that should bear the Confidential or Attorneys' Eyes Only legend are so labeled in fact. A failure to so designate any document or material shall not be deemed a waiver of the confidentiality protection. In the event a party belatedly determines that any document or material should be designated as Confidential under this Stipulation and

1  Order, such party will so notify the other party and the other party shall agree to accept
2  that notification and arrange to comply with the remaining provisions of this Confidentiality
3  Stipulation and Order to such late designated documents and materials.
4  15.  Any party, persons and/or entities obtaining access to Confidential and/or
5  Attorneys' Eyes Only Information under this Confidentiality Stipulation and Protective
6  Order, shall use the information <u>only</u> for preparation and trial of the above-captioned
7  litigation (including appeals and retrials thereof), and shall absolutely not use such
8  information for any other purpose whatsoever, including business, governmental,
9  commercial, or administrative or judicial proceedings.
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

16. Each party agrees to be bound by the terms of this Confidentiality Stipulation and Order as of the date it is executed, prior to the entry of the Order by the Court. This Confidentiality Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one instrument.

DATED this 17 day of March, 2014

THE 702 FIRM

By _____
MICHAEL C. KANE, ESQ.
Nevada Bar No. 010096
850 E. Bonneville Avenue
Las Vegas, Nevada 89101
Attorney for Plaintiff
DAG PALOVIC

DATED this 18th day of March, 2014

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
JOSH COLE AICKLEN
Nevada Bar No. 007254
DAVID B. AVAKIAN
Nevada Bar No. 009502
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendant BRAVO BRIO RESTAURANT GROUP, INC.

DATED this 17 day of March, 2014

DEAVER & CRAFTON

By _____
BRICE J. CRAFTON, ESQ.
Nevada Bar No. 010558
810 E. Charleston Blvd.
Las Vegas, NV 89104
Attorney for Plaintiff
DAG PALOVIC

## ORDER

Based upon the foregoing stipulation of the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the parties have entered a Confidentiality Agreement governing production of records set forth herein.

**IT IS FURTHER ORDERED** that the parties shall be bound by this agreement, with terms set forth herein in producing discovery documents, electronic data and files.

Dated this 19th day of March, 2014.

*/s/ George Foley Jr.*
U.S. MAGISTRATE JUDGE

Respectfully Submitted:

LEWIS BRISBOIS BISGAARD & SMITH LLP

JOSH COLE AICKLEN
Nevada Bar No. 007254
DAVID B. AVAKIAN
Nevada Bar No: 009502
6385 South Rainbow Blvd, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
BRAVO BRIO RESTAURANT GROUP, INC.